```
          FILED
     U.S. DISTRICT COURT
     DISTRICT OF MARYLAND

     2001 SEP 12  A 11: 06

       CLERK'S OFFICE
       AT BALTIMORE
          DEPUTY
```



LAW OFFICES OF
# JOSEPH M. JAGIELSKI
THE B & O BUILDING, SUITE 730
2 N. CHARLES STREET
BALTIMORE, MARYLAND 21201

JUDGE WILLIAM M. NICKERSON

JOSEPH M. JAGIELSKI
WILLIAM A. CRAWFORD
GEORGE W. ELDER
GINA M. FALCONER
PATRICIA BARKER FITZGERALD
JOEL H. OLEINIK
RODGER O. ROBERTSON
JAMES I. SMILEY
SHARON MOTSAY TOBIN

(410) 332-7500
(410)332-7582 FAX

August 31, 2001

The Honorable William M. Nickerson
U.S. District Court
  for the District of Maryland
101 W. Lombard Street, 4th Floor
Baltimore, MD 21201

    RE:   **Deanna Marie Melton, et al. v. H. Putsch & Company**
           **Baltimore City Circuit Court Case No.: 24-C-01-002636**
           **Civil Case No.: WMN-01-2119**

Dear Judge Nickerson:

    Please accept this letter in response to the Court's recent Scheduling Order in the above case. This letter is submitted jointly by counsel for Plaintiffs and Defendant.

    Present counsel participated in a joint inspection of the Domino Sugar Plant on August 7, 2001 in the above case. Ms. Martin's unfortunate accident of July 28, 2000 occurred on the second floor of Domino Sugar. None of the equipment on the second floor was designed, manufactured, sold or installed by the Defendant. The only Putsch equipment in the refinery is located on the fifth floor.

    The current Defendant believes that its non-involvement has become obvious as a result of the joint inspection. Plaintiffs disagree. Any additional assurances required by the Plaintiffs should be obtained easily and at an early stage. Defendant anticipates the solicitation of affidavits or depositions from Domino Sugar and the appropriate Putsch representative. Any such deposition should not exceed four hours. Resolution as to the Defendant will then be sought by way of voluntary stipulation or summary judgment.

    Plaintiffs will need additional time to complete an analysis of the second floor equipment actually involved in the accident. Plaintiffs anticipate further discovery after the joinder of new

** TOTAL PAGE.03 **

defendants, being the manufacturers of equipment on the second floor. Plaintiffs currently anticipate 15 fact witnesses, with an estimated time not to exceed four hours per witness.

The parties do not request an early settlement/ADR conference.

Given the seriousness of the present case and the issues to be resolved regarding the dismissal of the current defendant and the joinder of additional parties, counsel jointly request that all deadlines in the Court's original scheduling order be extended by 60 days. Additional scheduling modifications may be necessary after any additional defendants are joined. The Court's modification of the scheduling order will be greatly appreciated.

Thank you for your kind attention to this letter.

                Very truly yours,

                Rodger O. Robertson

                J. Edward Martin   *by ROR with permission*

ROR/jlm
cc:  Mike Dunn, 186 ER AWV5256R
      Richard S. Daniels, Esquire
      Gerhard M. Horstmann-Wilkie (via facsimile to: 011-49-511-645-114278)
      J. Edward Martin, Esquire
      Carmel J. Snow, Esquire
      James A. Rothschild, Esquire
      Dieter Mergner, H. Putsch in N.C.
+ 010380

AUG 31 '01 15:10 FR JOSEPH JAGIELSKI    410 332 7582 TO 4109652577    P.03/03